# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80489-CIV-RYSKAMP/VITUNAC

EDWIN B. MISHKIN, AS SIPA TRUSTEE
FOR THE LIQUIDATION OF THE
BUSINESSES OF ADLER,
COLEMAN CLEARING CORP.,

        Plaintiff,

vs.

JEANNINE GURIAN TRUST NUMBER
ONE, *et al*.

        Defendants.

_____/

## OMNIBUS ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT AND SANCTIONS AGAINST PHILIP AND JEANNINE GURIAN

THIS MATTER comes before the Court upon Plaintiff's Motion for sanctions against Jeannine Gurian **[DE 245]** filed on January 16, 2008.  Jeannine Gurian responded **[DE 258]** on January 31, 2008.  Plaintiff replied **[DE 265]** on February 11, 2008.  Plaintiff also filed a motion for Default and for Sanctions against Philip Gurian **[DE 266]** on February 11, 2008.  Philip bifurcated his response to the motion.  He responded to the motion for default **[DE 267]** on February 13, 2008 and to the motion for sanctions **[DE 272]** on February 26, 2008.  Plaintiff replied to the motion for default **[DE 271]** on February 25, 2008 and to the motion for sanctions **[DE 279]** on March 7, 2008.  The motions are now ripe for consideration.

**Introduction**

This cause includes a number of consolidated actions.  All of these related cases seek to collect assets pursuant to a judgement entered in the Southern District of New York against Philip Gurian (Philip).  These motions seek to impose default and sanctions against Philip and sanctions against his mother, Jeannine Gurian (Jeannine), regarding three parcels of real property. The first has been termed thorough out this litigation as the Mandarin Property, located at 7763 Mandarin Drive, Boca Raton, Florida (originally filed as case number 06-80576); second, a parcel of real property termed thorough out this litigation as the Golden Harbour Property, located at 550 Golden Harbour Drive, Boca Raton, Florida (originally filed as case number 07-80864); and third, a parcel of real property termed thorough out this litigation as the Hartridge Property, located at 3185 Hartridge Terrace, Wellington, Florida (originally filed as case number 06-80489).

Both Philip and Jeannine have repeatedly ignored this Court's orders to produce discovery, appear at hearings and to otherwise participate in this litigation.  To this end, Magistrate Judge Vitunac recommended on June 15, 2007 **[DE 108]** that this Court enter default sanctions against Jeannine because she violated this Court's temporary restraining order, preliminary injunction, freeze order and failed to appear at hearings when so ordered.  At that time, this Court chose to reserve its ruling on that issue.  In fact, this Court issued a warrant for Jeannine's arrest, on June 29, 2007, for her recalcitrant behavior resulting in her fugitive status. Since that time, Jeannine has continued disregarding this Court's orders and has continued to only participate in these proceedings to the extent it suits her.  In other words, she responds to motions and files motions, but has failed to follow orders, adequately answer discovery requests

or appear for her deposition.

Although this Court did not directly issue an arrest warrant for Philip, the district court in New York had already done so in this same litigation on August 16, 2007 for his failure to abide by that Court's orders.  Specifically, Philip was ordered to appear at a hearing to explain why he had failed to turn over $12 million dollars in assets pursuant to a court order.  Since Philip failed to appear and failed to comply with the turnover order, the court issued a warrant for his arrest resulting in Philip's current fugitive status.  In this proceeding, Philip has failed to participate in discovery including his failure to appear at his deposition.

Accordingly, Plaintiff seeks sanctions in the form of an entry of default against Philip and Jeannine in the above cases for their failure to follow this Court's directives.  For the following reasons, Plaintiff's motions are granted.

**Default Against Philip**

Plaintiff seeks an entry of default against Philip pursuant to Rule 55 of the Federal Rules of Civil Procedure for his failure to answer the Golden Harbour complaint.  Philip argues that he was not properly served and that Plaintiff did not notify Philip that service had been made.  Thus, Philip argues that he was unaware that he had been served until Plaintiff filed this motion for default, because Plaintiff failed to file proof of service on the docket.  Accordingly, this Court must inquire into whether Philip was properly served, and if so, if proper notice was given.

On October 24, 2007, Plaintiff served the complaint on Dawn Dunstan, Philip's wife, at the Golden Harbour property.  Federal Rule of Civil Procedure 4(e)(1), Rule 4(e)(2)(B) and § 48.031 of the Florida Statutes allow service upon an individual of suitable age at the defendant's dwelling.  Thus, service was properly made to Philip's wife who lives at the residence.

Plaintiff bears the burden to prove that proper service was made.  According to Federal Rule of Civil Procedure 12(a), a defendant has twenty days from the date it is served with the summons and complaint within which to respond.  Philip argues that he failed to respond because he never knew that the complaint had been served.  Plaintiff argues that it did file proof of service with this Court in its reply to an unrelated motion[1] **[DE 205]** filed on November 7, 2007.  Plaintiff cites to language in the tenth footnote to that reply.  Included as an exhibit, Plaintiff filed the certification showing that Dawn Dunstan was served on October 31, 2007.

Rule 4(l) provides that where a defendant does not waive service, the "person effecting service shall make proof thereof to the court."  Failure to make proof of service, however, does not affect the validity of the service.  Rule 4(l).  Thus, so long as Plaintiff can show that Philip was properly served, the process server's technical failure to present proof of service will not affect the validity of the service.  Moreover, if a defendant's culpable conduct, having actual or constructive receipt of the complaint, led to the default, a district court is correct to enter default. *U.S. v. Nalls*, 177 F.R.D. 696, 698 (S.D. Fla 1997).

Philip argues that he has not abandoned this property due to his fugitive status and that it is his homestead.  Since he has made that argument, he cannot then claim that, because of his fugitive status, he was not given proper service, service that was made at his home upon his wife.

Moreover, Rule 4(l) exists so that the Court will have proof that a Plaintiff has met his burden to effectuate service.  Service of the complaint and summons is designed to give a defendant notice of the action; thus, a plaintiff filing proof of service is not what gives a

---

[1]This document was Plaintiff's reply to its motion to set deadlines, to set a discovery schedule and for an evidentiary hearing.

defendant notice.  Accordingly, Philip cannot credibly argue that service of the complaint and summons did not, at the very least, give him constructive notice that the complaint had been served.  Accordingly, this Court will enter an order of default pursuant to Rule of Civil Procedure 55 and strike Philip's answer in this case.

**Sanctions**

Plaintiff also requests that this Court impose sanctions against both Jeannine and Philip pursuant to three different theories: Rule 37, this Court's inherent power and the fugitive disentitlement doctrine.  The Plaintiff asks this Court to impose sanctions and deem all the facts stated in the relevant complaints as true as against Philip and Jeannine, striking any pleadings and rendering a judgment of default in each of the three cases.  As a preliminary matter, this Court notes that "[w]hen considering sanctions, a district court may consider all the circumstances surrounding the alleged violations, including a party's misconduct in related cases."  *Quantum Communications Corp. v. Star Broad., Inc.*, 473 F.Supp.2d 1249, 1274-75 (2007) *citing*, *Link v. Wabash R. Co.*, 370 U.S. 626, 635 (1962).  Thus this Court takes into account Jeannine and Philip's actions in all of the consolidated cases, the case proceeding under number 06-80157 and Philip's actions in the New York litigation, which forms the basis of these proceedings.

**1.      Rule 37 Sanctions**

Plaintiff noticed Jeannine for deposition on December 20, 2007 **[DE 214]** and noticed Philip for deposition on January 29, 2008 **[DE 254]**.  Neither Philip nor Jeannine appeared.  Rule 37(d) of the Rules of Civil Procedure states that if a party, once properly noticed, fails to appear for a deposition, the district court "may make any order in regard to the failure as are just"

including considering the facts alleged in the complaint as true and rendering a default judgment against the disobedient parties.  Rule 37(b)(2)(A), (C).  Additionally, Rule 37(b)(2)(E) requires that when a district court applies sanctions, it must also require the party failing to appear for deposition to pay the "reasonable expenses, including attorney's fees, caused by the failure."

Default is an extreme sanction and is only used in limited circumstances where a party has exhibited bad faith and a willful disregard for the court.  *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986).  The Eleventh Circuit has held that entry of default judgment under Rule 37 is only appropriate in instances where "a party's conduct amounts to flagrant disregard and willful disobedience of discovery orders."  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1997). Thus, a district court must not enter default if a party's failure to comply is due to an inability to comply. *Shawmut Boston Intern. Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985)(default sanction entered under Rule 37 upheld where party acted in bad faith to delay a collection action).  District courts ought not impose this sanction unless court orders have already been violated.  *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala. v. Vehicle One 1989 Chevrolet Caprice*, 126 F.3d 1314, 1317 (11th Cir. 1997).

Philip has displayed the requisite bad faith and willfulness to justify the entry of default.  First, his actions in the New York portion of this litigation resulted in the imposition of an order of contempt.  Second, he has failed to adequately respond to discovery in this case in that he has produced only eight pages to Plaintiff.  Third, in response to the deposition notice, Philip's counsel simply stated that he was "unable to appear" without giving any other explanation.  Considering his prior disregard to this Court's orders, orders from the New York court and the fact that Philip is currently a fugitive, this Court finds Philip's claim that he is unavailable not

credible.  Instead, this Court believes that Philip simply wishes not to attend.

Jeannine argues that she was unable to attend her deposition because of an illness. Jeannine already raised this argument before Magistrate Judge Vitunac who found her claims not credible.  This Court adopted that report and recommendation and therefore also found her claims not credible.  As such, Jeannine has provided this Court with no reason why she failed to attend her deposition.  Additionally, she has disobeyed numerous Orders of this Court which resulted in the entry of an arrest warrant.  Based on the facts of this case, which have been explained above, this is exactly the type of behavior that warrants the imposition of default as a sanction.

For these reasons, this Court finds that both Jeannine and Philip have acted in bad faith and have willfully disregarded this Court's orders and jurisdiction.  As such, a sanction of default judgment will be entered.  Because sanctions have been issued, Plaintiff is also entitled to its reasonable costs and attorney's fees incurred as a result of Philip and Jeannine's failure to appear for their depositions.

*Philip and Jeannine's Defenses Against Entry of Default Sanctions*

This Court should note that in response to these motions, both Philip and Jeannine argued that this Court should not enter default judgment in the Mandarin or Golden Harbour cases because doing so would result in the imposition of inconsistent judgments. *Micharud v. U.S. Steakhouse Bar and Grill, Inc.*, 2007 WL 1696014 * 1 (M.D. Fla. June 12, 2007)(possibility of inconsistent judgment should be avoided where possible).  This Court does not believe that inconsistent judgments will result as this order only grants a default as to Philip and Jeannine's respective interest in each property at issue.  To the extent that another individual has a legal

interest which prevents collection, this Court will deal with that issue when the time comes.  The cases that Defendants cited in their response memoranda largely deal with cases where each defendant was jointly and severally liable for any damages.  Thus, in those instances, a default against one party would work an intolerable injustice against a defendant who participated in the proceedings.  That is not the case here.

Jeannine Gurian individually argues that she was never served in the case involving Golden Harbour Drive and therefore no default can issue.  Plaintiff has the burden of establishing that service was made.  *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).  Plaintiff admits that it never served Jeannine because she absconded from the Country and has accordingly refused to divulge her address to the Plaintiff and this Court.  Although Jeannine has stated that she currently lives in Panama, she has not given any other information regarding her location.  Thus, Plaintiff argues that, although Jeannine was never served, she nevertheless waived this defense by appearing in this case without first raising it as a defense.

According to Rule of Civil Procedure 12(h)(1)(B), the defense of insufficiency of service is waived if not timely asserted.  Fed. R. Civ. Pro. 12(b)(5) and 12(h)(1)(B).  In order to be timely, Jeannine must have raised this the very first time she filed a motion or answer in this case.  Since she never filed an answer, this Court inquires into whether she filed a motion, and thereby waived her defense of service by failing to raise that defense in the motion.

This case was consolidated into case number 06-80489 on October 2, 2007.  After that time, Jeannine filed numerous documents including responses, motions, and notices on the docket sheet for the original case number assigned to the Golden Harbour litigation (06-80864) and she made those filings without objection to the lack of service.

For example, Jeannine filed a Notice of Order of the Court of Appeals **[DE 6]**, noticing this Court that the Second Circuit imposed a stay in this action. Because of that notice, this Court stayed the litigation. She then filed a response to Plaintiff's Motion to set dates and for a discovery schedule **[DE 8]** and later filed notice of an amended exhibit to that response **[DE 10]**. On December 14, 2007, she filed a motion for protective order from her deposition **[DE 23]** in the consolidated cases without stating that her motion did not apply to the Golden Harbour action. The deposition was noticed for the consolidated cases.

This Court holds that Jeannine did appear in this litigation when she filed the motion for protective order. Since she failed to object to the lack of service at that time, she has waived that defense. First, the motion was filed on the docket for the original litigation; second, the motion requested relief from Plaintiff's deposition that was noticed for all of the consolidated actions, including the Golden Harbour Property. Third, and although not dispositive on this issue, Jeannine fled the country to avoid this Court's orders and in doing so has also successfully evaded service.

Finally, Jeannine also argues that she never violated this Court's TRO and PI orders. This argument is improper as this Court has already determined that she did violate those orders. *See* **[DE 108, 131]**.

## 2.     Sanctions Pursuant to this Court's Inherent Power

District courts possess the inherent power to sanction parties and attorneys who conduct litigation in bad faith or who perpetrate fraud on the court, in addition to their powers to sanctions parties under the Federal Rules of Civil Procedure. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991). When using this power, a court must exercise caution and comply with

due process in determining the bad faith and affixing sanctions.  *Id*. at 50.  Imposing sanctions under ths authority serves two purposes: first to vindicate "judicial authority without resort to the more drastic sanctions available for contempt of court[,]" and second, to make the "prevailing party whole for expenses caused by his opponent's obstinacy."  *Id*.

This Court must find that Philip and Jeannine acted in bad faith to issue sanctions under this authority.  Bad faith is found where a party defrauds the court, raises frivolous arguments, delays or disrupts the litigation or hampers the enforcement of a court order.  *Quantum Communications Corp. v. Star Broad., Inc.*, 473 F.Supp.2d 1249, 1268-69 (S.D. Fla. 2007).  An entry of default is appropriate where a court finds by clear and convincing evidence that no lesser sanction would suffice to punish and deter the conduct.  *Id*. at 1269.

Here, the record contains clear and convincing evidence that default sanctions should be entered against both Jeannine and Philip for their actions taken in bad faith.  Both are fugitives.  Both have failed to abide by this Court's orders and have failed to participate in discovery.  Both have consistently delayed these proceedings.  This Court can think of no other sanction that would adequately punish and deter this conduct.  The Court cannot sanction these parties because they are fugitives and have already defied Court orders to pay money into various accounts.  The Court has already placed Jeannine in contempt and the New York Court has done the same to Philip.  The entry of these orders has had no effect on their conduct.  Accordingly, the sanction of default pursuant to this Court's inherent power is appropriate.

### 3.      Fugitive Disentitlement Doctrine

The fugitive disentitlement doctrine has historically been used in two circumstances: first, a court of appeal can refuse to consider the appeal of a fugitive and, second, a district court may

refuse to consider a civil suit brought by a fugitive that is related to a criminal matter pursuant to which the person is a fugitive. *U.S. v. Barnette*, 129 F.3d 1179 (11th Cir. 1997)(appeal); *Empire Blue Cross and Blue Shield v. Finkelstein*, 11 F.3d 278 (2nd Cir. 1997)(appeal); *Degen v. U.S.*, 517 U.S. 820 (1996)(related civil proceeding); *F.D.I.C. v. Pharaon*, 178 F.3d 1159 (11th Cir. 1999)(related civil proceeding); *Magluta v. Samples*, 162 F.3d 662 (11th Cir. 1998)(unrelated civil proceeding).  The theory behind each of these applications is that a person who refuses to submit himself or herself to the court's jurisdiction should not be permitted to benefit from court resources or ask that the courts protect his interests. *F.D.I.C.* at 1161.; *U.S. v. Viomar Co.*, 616 F.Supp. 24, 27 (S.D. Fla. 1985)(disallowing the entry of affidavits by fugitives to prove that two properties previously owned by the fugitives were conveyed to their daughter and therefore should not be subject to a preliminary injunction).

Courts have routinely disallowed the application of the fugitive disentitlement doctrine in civil cases where the defendant is a fugitive in a related criminal matter.  "[W]e think it is very different to bar a fugitive from affirmatively seeking relief than to bar a fugitive from defending civil claims brought against him."  *F.D.I.C.* at 1162.  In that instance, courts reason that the fugitive did not affirmatively seek relief from the court and, in that regard, was brought to the courts by the plaintiff.  *Id*.  Courts have hypothesized about circumstances where unscrupulous plaintiffs would take a wealthy fugitive to court on civil matters.  The courts have concluded that disallowing the fugitive to defend himself would be patently unfair.

Here, neither Gurian seeks an appeal nor are they the plaintiffs in the civil suit.  Thus, this case does not fit into either of the above circumstances; yet, the facts of this case warrant the

application of the fugitive disentitlement doctrine nonetheless.[2]

Both Philip and Jeannine are fugitives in the instant proceeding, not in a related criminal proceeding.  Philip is a fugitive from the New York District Court that adjudicated this matter on the merits.[3]  Jeannine is a fugitive from this Court in these instant consolidated cases.  Thus, precedent where courts declined to apply the fugitive disentitlement doctrine to civil cases where the fugitive was a defendant, is inapplicable because in those cases, the fugitive status arose from an entirely different proceeding.

The facts in this case are supported by the reasons courts cite when applying the fugitive disentitlement doctrine to appeals.  Those courts reason that a fugitive ought not have the luxury of asking a court to hear its position in any matter while he or she remains a fugitive.  Since the fugitive decided to remove himself or herself from the Court's reach, the legal system ought not have the burden of concerning itself with whether or not the fugitive's rights have been properly adjudicated.  To this end, courts of appeal apply the doctrine for the following reasons: to ensure that a decision will be enforced and followed; to impose a penalty for refusing to participate in the judicial process; to discourage people from becoming fugitives; and to avoid prejudice to the opposing party in the lawsuit.  *Empire Blue Cross and Blue Shield v. Finkelstein*, 111 F.3d 278, 280 (2nd Cir. 1997).

---

[2]This Court is aware of the language in *F.D.I.C.* that states that the fugitive disentitlement doctrine is not applicable in any civil case where the fugitive is the defendant.  *Id*. at 1162-63. The *F.D.I.C.* court based its decision on *Degan*, a United States Supreme Court decision determining the application of the fugitive disentitlement doctrine where the defendant in a civil suit was a fugitive in a related criminal matter.  This Court believes that the facts of this case are distinguishable from both *Degan* and *F.D.I.C.*.

[3]As discussed previously, this is a collection action that proceeds pursuant to the judgment entered by the Southern District of New York.

Here, both Philip and Jeannine have absconded to other countries and have failed to participate in the proceedings, other than having their respective lawyers file voluminous pleadings explaining their position.  As such this Court entered an Order of Contempt against Jeannine in this proceeding and the District Court in New York did the same against Philip. Based on the principles explained by courts applying the fugitive disentitlement doctrine, both Jeannine and Philip should be disenfranchised from using this Court to forward their views when they refuse to abide by any of this Court's orders.  As such, there is no assurance that any of this Court's orders will be followed.  A penalty is warranted.  There are many other parties to these proceedings and this act may discourage those individuals from becoming fugitives and taking this action will help prevent further prejudice to the plaintiff.

The Court, being otherwise fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motions are either granted or denied in the following respects:

(1)     Plaintiff's Motion for Default against Philip Gurian in the Golden Harbour case **[DE 266]** is GRANTED;

(2)     Philip Gurian's answer **[DE 268]** in the Golden Harbour case is hereby STRICKEN.

(3)     Plaintiff's Motion for Sanctions against Philip Gurian in the Foreclosure and Mandarin Property cases **[DE 266]** is GRANTED;

(4)     Plaintiff's Motion for Sanctions against Jeannine Gurian individually and as Trustee **[DE 245]** is GRANTED.  Default is entered against her in the Hartridge Terrace Property, the Mandarin Drive Property and the Golden Harbour Drive

Property.

(5)     Plaintiff is awarded its reasonable attorney's fees and costs incurred as a result of

Jeannine and Philip Gurian's failure to attend their depositions.

(6)     Plaintiff's Motion for Summary Judgment against Philip Gurian **[DE 245]** is

DENIED as MOOT.

(7)     Plaintiff's Motion to Compel and for Sanctions against Philip Gurian **[DE 122,**

**244]** is DENIED as MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 12 day of

March, 2008.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record